IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0023 |
| ) | |
| MATTHEW HAZEL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**BEFORE THE COURT** is Motion of the United States for a Preliminary Order of Forfeiture with respect to defendant Matthew Hazel ("Hazel"). (ECF No. 191.) the Court adjudged Hazel guilty on Count One and Count Six in the Indictment (ECF No. 158), pursuant to plea agreement in which Hazel agreed to forfeit one loaded semi-automatic Walther Arms handgun, model PPX, bearing serial number FBB2800. In the Indictment (ECF No. 108) the Government included a Forfeiture Notice for Count Six seeking forfeiture pursuant to criminal forfeiture statutes 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, after a guilty plea is accepted on a count in which criminal forfeiture is sought, "the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). Rule 32.2(b)(1)(B) further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement." Fed. R. Crim. P. 32.2(b)(1)(B).

Based on Defendant's concession in the Plea Agreement, and his subsequent plea in open court, that he did unlawfully possess a firearm — the loaded semi-automatic Walther Arms handgun, model PPX, bearing serial number FBB2800, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), the Court has determined that the requisite nexus has been established between the property and the offense. Accordingly, the loaded semi-automatic

*United States of America v. Hazel*
Case No. 3:21-cr-0023
Order
Page **2** of **3**

Walther Arms handgun, model PPX, bearing serial number FBB2800 is subject to forfeiture pursuant to 18 U.S.C. § 924(d).

    **UPON CONSIDERATION** of the foregoing, it is hereby

    **ORDERED** that the Government's motion for a preliminary order of forfeiture, ECF No. 191, is **GRANTED**; it is further

    **ORDERED** that the Attorney General, or his designee, shall seize the forfeited property and may "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.  Fed. R. Crim. P. 32.2(b)(3); and it is further

    **ORDERED** that the United States is authorized to commence any applicable forfeiture related third party proceeding to comply with any statute or rule governing forfeiture; and it is further

    O**RDERED** that the United States shall publish notice of this Order and its intent to dispose of the property in such manner as directed by Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure. Pursuant to Rule 32.2(b)(6), the Government must "publish notice of the order and send notice to any person who reasonably appears to be a potential claimant." Fed. R. Crim. P.  32.2(b)(6); and it is further

    **ORDERED** that the Government "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of [this Preliminary Order of Forfeiture] as a substitute for published notice as to those persons so notified." 21 U.S.C. § 853(n)(1); and it is further

    **ORDERED** that any person, other than the above-named defendant, asserting a legal interest in the above-described property subject to forfeiture may, "within thirty days of the final publication of notice or receipt of notice," whichever is earlier, "petition the court for a hearing [without a jury] to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2); and it is further

    **ORDERED** that any petition filed by a third party asserting an interest in the above described property subject to forfeiture "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in

*United States of America v. Hazel*
Case No. 3:21-cr-0023
Order
Page **3** of **3**

the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3); and it is further

**ORDERED** that pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4). If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(c)(2); and it is further

**ORDERED** that if a third-party files a timely claim, the court must conduct an ancillary proceeding. Fed. R. Crim. P. 32.2(c)(1). Pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). After disposing of any such motion filed under Rule 32.2(c)(1)(A), "the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure."

**Date:** November 29, 2022          /s/ *Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**